JOURNAL ENTRY AND OPINION
Defendant-appellant Ian Benn (defendant) appeals from the judgment of the Cleveland City Municipal Court which, after a bench trial, found the defendant guilty and sentenced him accordingly. For the reasons set forth below, we affirm in part, reverse in part and remand for re-sentencing.
On October 14, 2001, the defendant was driving eastbound on Spring Road when Cleveland Police Officer James Simone, using a laser device, clocked the defendant speeding at 38 miles per hour in a 25 mile per hour zone. The officer pulled the defendant over, talked to him, then returned to his patrol car to run a check on his license plate and driving record. After the officer received information that the defendant had alleged prior speeding offenses, he cited him for a fourth degree misdemeanor. The officer then notified the defendant that, since the offense possibly included jail time, he would need to consult an attorney. The defendant pleaded not guilty to the offense and the matter proceeded to a bench trial on November 27, 2001. The trial judge found the defendant guilty of a fourth degree misdemeanor moving violation. The defendant was fined $250, assessed court costs and sentenced to 30 days in jail, which were suspended. The defendant was placed on five years of active probation conditioned upon the completion of 200 community service hours. It is from this ruling that the defendant now appeals, asserting three assignments of error for our review, which we review out of order.
 II. THE FINDING OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE THE SPEED ALLEGED, WHILE OVER THE PRIMA FACIE LIMIT, WAS NOT UNREASONABLE FOR THE CONDITIONS.
In his second assignment of error, the defendant contends that while the speed at which he was traveling was greater than the prima facie limit, it was not unreasonable for the conditions, and thus he should not have been found guilty of violating the speeding ordinance. He avers that the trial court's ruling is against the manifest weight of the evidence and that the evidence is insufficient to support a conviction. It should be noted that the defendant fails to cite any authorities or statutes in support of this contention as required by App.R. 16 (A)(7).
Section 433.03 (a) of the Cleveland Codified Ordinance states:
 No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway and any other conditions * * *.
The Supreme Court of Ohio addressed this precise issue in interpreting the identical provision found in R.C. 4511.21, which prohibits traveling in excess of a posted, or otherwise specified speed limit. In Cleveland v. Keah (1952), 157 Ohio St. 331, 105 N.E.2d 402, in paragraph one of the syllabus the Supreme Court found:
 Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable.
Whether a driver's speed is excessive or unreasonable under the circumstances is a question of fact. Columbus v. Cantwell (May 14, 1981), Franklin App. No. 80AP-915.
A. Manifest Weight
 In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717, citing Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211. The court should consider whether evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, or fragmentary. State v. Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61, 197 N.E.2d 548; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
B. Sufficiency of the Evidence
 When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484, 2001-Ohio-4, 739 N.E.2d 749. Morever, as stated above, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. DeHass, supra.
In this case, the officer testified that at approximately 6:30 p.m. he used a laser device that clocked the defendant traveling 38 miles per hour in a 25 miles per hour zone. He testified that the defendant was speeding in a primarily residential neighborhood with a school nearby. On cross-examination, the officer further testified that the area where the defendant was stopped is very heavily traveled in the evenings.
The defendant initially testified that he did not think he was going any faster than 25 miles per hour, but on cross-examination admitted that he was not looking at his speedometer. The defendant testified that at the point where he was pulled over, there was other traffic around him, and the lanes narrowed from two lanes to one. He testified that there were no pedestrians, the pavement was clear and dry and that the weather was nice. The defendant testified that, other than traffic, there were no other obstructions.
After hearing this testimony, the trial court found the defendant guilty of speeding. There was competent evidence to support a finding that the defendant was traveling over the prima facie limit. The defendant then presented evidence to support the contention that his speed was not excessive or unreasonable. Specifically, the defendant testified that the pavement was clear and dry, that the weather was nice and that there were no pedestrians or obstructions other than traffic. Nonetheless, the trial court found the defendant guilty. We cannot say that the trial judge clearly lost his way in making this determination. The defendant's speed was excessive at 38 miles per hour in a 25 miles per hour zone. Further, the traffic was narrowing from two lanes to one lane, which would support the contention that the defendant's speed was unreasonable. We therefore find that the judgment of the trial court was not against the manifest weight of the evidence.
Further, viewing this evidence in a light most favorable to the prosecution, the trial court could have found that the defendant was traveling over the prima facie limit, and that speed was both excessive and unreasonable beyond a reasonable doubt. For this reason, we find that the evidence was sufficient to support a conviction under C.C.O. 433.03. This assignment of error is overruled.
 III. THERE WAS NO EVIDENCE THAT THE OFFICER OPERATING THE SPEED MEASURING UNIT USED IN THIS CASE, USED SUCH SPEED MEASURING DEVICE CONSISTENT WITH THE INSTRUCTIONS OF THE MANUFACTURER NOR WAS THERE EVIDENCE INTRODUCED THAT THE TRIAL COURT HAD EVER TAKEN JUDICIAL NOTICE OF THE ACCURACY OF THE DEVICE.
The defendant contends that no evidence supporting the speed detection device was offered, nor judicial notice taken, with regard to its accuracy. We note that at trial, the defendant did not seek to suppress the results of the speed detection device due to its alleged unreliability, nor did he object to the device on these grounds. Since the defendant failed to raise the issue of the accuracy of the speed detection device at the trial level, we find that he waived any alleged error. This assignment of error is overruled.
 I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT ON A FOURTH DEGREE MISDEMEANOR WHEN THE ONLY EVIDENCE ADDUCED AT TRIAL AND ENTERED INTO THE RECORD FAILED TO PROVE A PRIOR OFFENSE. THUS THE MAXIMUM SENTENCE SHOULD HAVE BEEN A ONE HUNDRED DOLLAR FINE.
In his first assignment of error, the defendant essentially contends that the evidence upon which he was convicted was insufficient. Specifically, he contends that the state failed to prove that he had prior speeding offenses which increased the degree of the offense from a minor misdemeanor to a fourth degree misdemeanor. He further alleges that, because the guilty verdict did not specify the degree of the offense, he may only be sentenced to the least degree of the offense. We agree with this contention and remand the case for re-sentencing.
R.C. 2945.75 states, in relevant part:
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
 (2) a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
In this case, the trial court found the defendant guilty, stating:
 The Court believes that the testimony that has been induced during the course of this hearing is of such nature as to convince it beyond a reasonable doubt that the defendant has violated the terms of the ordinance.
 The finding of the Court will be guilty as relates to the A charge, also.
(T.26) Further, the journal entry merely states Upon a finding of guilty * * * and fails to state the degree of the offense of which the defendant was convicted, as required by R.C. 2945.75. Therefore, the defendant can only be found guilty of a minor misdemeanor in this case.
Having found that the trial court erred in stating defendant's guilty verdict and as a result he may only be found guilty of the least degree of the offense charged, we need not address whether sufficient evidence of prior offenses was presented which would elevate the offense to a fourth degree misdemeanor. This assignment of error is well-taken.
Judgment affirmed in part, reversed in part and remanded for re-sentencing.
It is ordered that appellee and appellant split the costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS. MICHAEL J. CORRIGAN, P.J., CONCURS IN PART DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION)